# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| RONNY PARKS, <br> *Plaintiff* <br><br> v. <br><br><br> ORIONS MANAGEMENT GROUP LLC, <br> *Defendant* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br><br> CASE NUMBER: 1:21:cv-00292 <br><br><br><br><br> DEMAND FOR JURY TRIAL |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

1. Ronny Parks ("Plaintiff" herein), brings this action primarily under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA"), to obtain statutory and actual damages, and other relief for violations of the FDCPA against Defendant, Orions Management Group, LLC ("Orions" or "Defendant" herein), and will show the Court as follows:

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, §1337(a), and pursuant to 28 U.S.C. §1367 to the extent Plaintiff alleges any state law claim(s).

3. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, because Defendant transacts business in this district and has designated a registered agent for service in Austin, Texas.

## STANDING

4. Plaintiff has suffered an injury in fact that is traceable to Orion's conduct and that is likely to be redressed by a favorable decision in this matter.

5. Specifically, Plaintiff suffered a concrete economic injury to the extent that she has viable claims under Texas Debt Collection Act ("TDCA"), Chapter 392 of the Texas Finance Code, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*. Plaintiff further suffered a concrete informational injury as a result of Defendant Orion's failure to provide truthful information on Plaintiff's credit report in connection with an attempt to collect an alleged debt from Plaintiff.

## THE PARTIES

6. Plaintiff, Ronny Parks, is an individual who resides in Texas.

7. Defendant, Orions Management Group, LLC, is a foreign corporation organized and existing under the laws of the State of California, and is authorized to do business in Texas and may be served with process by serving its registered agent as follows:

>Incorp Services, Inc.
>815 Brazos Street
>Austin, Texas 78701

## FACTUAL ALLEGATIONS

8. Plaintiff is a "consumer" as that term is defined by §1692a(3) of the FDCPA and a "consumer" as that term is defined by § 392.001(1) of the TDCA.

9. Plaintiff incurred an alleged debt for goods and services used for personal, family or household purposes, for monies Orions claims are owed to Credit Shop, Inc.. ("alleged debt" herein). The alleged debt is thus both a "debt" as that term is defined at §1692a(5) of the FDCPA and a "consumer debt" as that term is defined at §392.001(2) of the TDCA.

10. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

11. The alleged debt was subsequently assigned and/or transferred to Orions. for collection.

12. Orions is in the business of collecting defaulted consumer debts originally owed to other entities. Orions is thus a "debt collector" as that term is defined at §1692a(6) of the FDCPA and a "third-party debt collector" as that term is defined at §392.001(7) of the TDCA.

13. On or about September 21, 2000, Orions transmitted adverse information related to the alleged debt to Equifax.

14. On or about February 25, 2021 Plaintiff, by and through the undersigned counsel, notified Orions that Plaintiff formally disputed the alleged debt as it was referenced on her credit report ("Letter" herein and referred to as Exhibit A and partially redacted in accordance with FRCP 5.2).

15. On February 25, 2021, Orions sent an email to the undersigned counsel confirming receipt of the Letter.

16. Nevertheless, on or about March 4, 2021, Orions transmitted information to Equifax, but it failed to communicate that there was a dispute of the alleged debt.

17. The transmission of credit reporting information to Equifax is a communication" as that term is defined in 15 U.S.C. §1692a(2) and constitutes "debt collection" as that term is defined by § 392.001(5) of the TDCA.

18. Orions regularly collects or attempts to collect defaulted consumer debts using the telephone and mails.

### COUNT I—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT- 15 U.S.C. §1692e(8)

19. Plaintiff incorporate all facts as alleged in the foregoing paragraphs.

20. 15 U.S.C. §1692e(8) of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.**

21. Orions violated 15 U.S.C. §1692e(8) by failing to communicate the alleged debt was disputed when it communicated credit information to Equifax on or about March 4, 2021.

22. The FDCPA is a strict liability statute, and only one violation of the FDCPA is necessary to establish civil liability. *See In re Eastman*, 419 B.R. 711, 728 (Bankr.W.D. Tex. 2009) (stating that a false representation need not be intentional to be actionable under 1692e (citing *Pittman v. J.J. Mac Intyre Co.*, 969 F.Supp. 609, 613 (D. Nev. 1997)). As such, "the defendant's

culpability is a consideration only in computing damages under the FDCPA." *Pittman*, 969 F.Supp. at 613 (citing 15 U.S.C. 1692k(b)).

23. Plaintiff further alleges actual damages by virtue of damages to her credit report.

## **COUNT II—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT- 15 U.S.C. §1692f**

24. Plaintiff incorporate all facts as alleged in the foregoing paragraphs.

25. 15 U.S.C. §1692f of the FDCPA provides as follows:

### **UNFAIR PRACTICES**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

26. Orions voluntarily elected to report adverse account information about Plaintiff to Plaintiff's credit bureaus with the apparent purpose of coercing Plaintiff to pay the underlying debt and to facilitate the collecting debts from Plaintiff and other consumers.

27. The failure of Orions to properly communicate that there is/was a dispute to the credit bureau constitutes unfair practices. Moreover, such practices are also unfair to "debt collectors who refrain from using abusive debt collection practices" to debtors who are competitively dis advantaged.

## COUNT III—VIOLATION OF THE TEXAS DEBT COLLECTION ACT

28. Plaintiff incorporate all facts as alleged in the foregoing paragraphs.

29. Chapter 392, Section 304 of the Texas Finance Code provides as follows:

> **FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS**
>
> **(a) Except as otherwise provided by this section, in debt collection or in obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:**
>
> **8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding;**
>
> **(19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.**

30. Plaintiff alleges Orions violated the foregoing provisions of Chapter 392, Section 304 of the Texas Finance Code by the transmission of false credit information to Equifax regarding the balance of the alleged debt.

31. Plaintiff alleges he has actual damages as a result of the foregoing violations.

## TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

32. Plaintiff requests the Court issue a Temporary Injunction and Permanent Injunction under the TDCA and FDCPA that orders Orions to correct the improper reporting of the alleged debt on all of the credit bureaus of Plaintiff.

## REQUEST FOR ATTORNEYS' FEES

33. Plaintiff seeks reasonable attorneys' fees as per the FDCPA, TDCA, and any other statutory or common law basis.

## TRIAL BY JURY

34. Plaintiff is entitled to and hereby demands a trial by jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Ronny Parks, respectfully prays that the Defendant, Orions Management Group, LLC, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant as follows:

  a. Temporary injunction be issued, and upon final hearing a Permanent Injunction be issued, requiring Defendant Orions to correct the improper reporting of the alleged debt on all of the credit bureaus of Plaintiff;

  b. The Court award Plaintiff actual and statutory damages pursuant to Texas Finance Code § 392.403(a)(2) and § 392.403(e) and any other applicable provision;

  c. The Court award Plaintiff costs and attorneys' fees pursuant to Texas Finance Code § 392.403(b);

  d. The Court award Plaintiff actual and statutory damages pursuant to 15 U.S.C. §1692(k)(a)(1) and (a)(2) and any other applicable provision;

  e. The Court award Plaintiff costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692(k)(a)(3) and any other applicable statute or legal basis;

  f. The Court award Plaintiff prejudgment and post judgment interest as allowed by law;

g. The Court grant Plaintiff such further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/Brent A. Devere
Brent A. Devere
SBN#00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Ph: 512-457-8080   Fax: 512-457-8060
Email: BDevere@1411west.com
Attorney for Plaintiff

*Ronny Parks*